-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT MASON, 86-A-7415,

        Plaintiff,

    -v-                                                09CV791Sc
                                                    ORDER
DOCTOR DOLAN, CAPT. B. CHUTTY,
MICHELE CZEFWINSKI, RNNA1 and
SUPERINTENDENT GRAHAM,

        Defendants.

---

## **INTRODUCTION**

    Plaintiff Robert Mason, an inmate of the Five Points Correctional Facility proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112 et seq., alleging that the defendants, all of whom are employed by the New York State Department of Correctional Services ("DOCS") at the Auburn Correctional Facility, denied him appropriate medical treatment, failed to protect him, discriminated against him, and denied him due process. (Docket No. 1 [Complaint]). By Order dated December 10, 2009, the Court granted plaintiff's motion to proceed *in forma pauperis* ("IFP"), and directed service of the complaint upon the defendants. (Docket No. 3).

    Currently before the Court is the defendants' motion (Docket No. 11) to revoke the plaintiff's IFP status and conditionally dismiss the complaint pursuant to 28 U.S.C. § 1915(g). Plaintiff has filed a response to the defendants' motion ("response") (Docket

No. 16) ("response"), and defendants have filed a reply ("reply") thereto. (Docket No. 20).

## DISCUSSION

Defendants have moved to revoke plaintiff's in forma pauperis ("IFP") status and to dismiss the complaint pursuant to 28 U.S.C. § 1915(g). Section 1915(g), commonly referred to as the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), provides that::

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). See also Polanco v. Hopkins, 510 F.3d 152, 153 (2d Cir. 2007) ("Section 1915(g) denies in forma pauperis status--that is, the ability to file a civil action with fees paid by the Court--to an incarcerated person who has [earned three 'strikes' under the statute]") (per curiam).

In support of their motion to dismiss the complaint under § 1915(g), the defendants have submitted docket sheets detailing prior actions filed by the plaintiff that were dismissed. Defendants assert that these dismissals qualify as strikes under § 1915(g). (Docket No. 12 [Declaration in Support of Motion to Dismiss] at Exs. B-E and Docket No. 13 [Memorandum in Support of Motion to Dismiss] at 6-8). Plaintiff proffers two arguments in his response to the defendants' motion: (1) the motion should be denied because it is not based upon any "false or incorrect information on the part of the

plaintiff"; (2) the motion should be denied because plaintiff has not had three or more actions dismissed for "strike" reasons. (Docket No. 16 at 2).[1]

In considering the instant motion, the Court takes judicial notice of Mason v. Nitti-Richmond, C.O., 09 Civ. 7307 (JGK), in which the Hon. John G. Koeltl, United States District Judge for the Northern District of New York, recently revoked plaintiff Mason's IFP status. *See* Mason v. Nitti-Richmond, C.O., 09 Civ. 7307 (JGK), 2010 U.S. Dist. LEXIS 63819 (N.D.N.Y. June 25, 2010). In so ruling, Judge Koeltl determined that plaintiff had accrued "at least three dismissals that qualify as 'strikes' under § 1915(g)." 2010 U.S. Dist. LEXIS 63819, at *4. The dismissals of plaintiff's actions or appeals cited by Judge Koeltl in this regard are all among those cited by the defendants herein in support of their motion to revoke plaintiff's IFP status pursuant to § 1915(g).[2]

---

[1] Plaintiff's response to the motion to dismiss (Docket No. 16), which is captioned "'Letter Motion' in Response to Defendants Motion to Dismiss", indicates that plaintiff was "unable to fully address Defendants' Motion" because of his transfer from Auburn to Five Points Correctional Facility on or about March 1, 2010. Plaintiff suggests that a loss by DOCS of "legal papers" is responsible for his inability to "fully address" the motion to dismiss. Plaintiff's allegation is belied by the chronology of the parties' submissions on the motion to dismiss. Following the filing of defendants' motion to dismiss and supporting papers, on February 17, 2010, the Court issued, on March 16, 2010 (Docket No. 15) a briefing schedule directing plaintiff to respond to the motion by April 9, 2010. Plaintiff in fact filed his response well prior to that date; while the response was not docketed until April 13, the date stamp shows that the response, dated March 23, was received by the Court on March 25, 2010. Accordingly, it is clear that if plaintiff needed additional time to recover lost papers or better prepare his response, he had approximately two more weeks to do so. Moreover, it does not appear that plaintiff needed any additional "legal papers" to prepare his response to defendants' motion to dismiss, which, as discussed herein, is based upon the fact that plaintiff had accrued "strike" dismissals of at least three of his prior actions or appeals; the declaration in support of the motion to dismiss attached the relevant docket sheets and orders. *See* Docket No. 12, Exhs. B-F. As noted *infra*, however, plaintiff's response does not specifically address any of the actions or appeals upon which the defendants' motion to dismiss is based, but asserts in a purely conclusory fashion, that he has not had three or more actions dismissed for strike reasons.

[2] The dismissals of plaintiff's actions or appeals cited by Judge Koeltl as strikes under § 1915(g) are as follows: Mason v. DOCS, 09-CV-1588 (E.D.N.Y. Apr. 28, 2009) (*sua sponte* dismissal pursuant to 28 U.S.C. § 1915A of plaintiff's complaint for failure to state a claim upon which relief may be granted); Mason v. Fisher, 07-CV-790 (W.D.N.Y. Apr. 22, 2008) (*sua sponte* dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A of certain of plaintiff's claims and direction that the remainder of his claims would be dismissed pursuant to § 1915(e)(2)(B) unless he filed an amended complaint); the remaining claims were subsequently dismissed with prejudice for the reasons set forth in the April 22, 2008 Order, 07-CV-790Sc (W.D.N.Y. June 16, 2008); Mason v. Goord, 05-CV-348S(Sc) (W.D.N.Y. March 31, 2008) (dismissing plaintiff's complaint pursuant to Fed.

Plaintiff's response to defendants' motion offers nothing that would call into question the defendants contention, supported by the Court's determination in <u>Mason v. A. Nitti-Richmond, C.O.</u>, that plaintiff has accrued three strikes under § 1915(g), and that he is thus no longer entitled to proceed IFP. As noted, plaintiff's first argument in response to the defendants' motion is that the defendants did not allege that plaintiff provided any false or inaccurate information. However, as defendants note in their response, whether plaintiff in fact provided any false or incorrect information is not relevant to the question of whether he has had three actions or appeals dismissed for "strike" reasons. Plaintiff's second argument in response to the motion is that he "has not had three or more . . . federal actions dismissed as defined under 28 U.S.C. § 1915(g)." However, plaintiff's assertion is entirely conclusory, as he does not discuss any of the dismissals cited by the defendants, thus providing no basis for the Court to depart from Judge Koeltl's determination that he has accrued at least three strikes.[3]

As stated above, § 1915(g) provides an exception to the three-strike rule when "the prisoner is under imminent danger of serious physical injury." Plaintiff's complaint does not assert that he was under "imminent danger of serious physical injury" at the

---

R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted)); <u>Allah v. Goord</u>, 06-4973-pr (2d Cir. May 17, 2007) (identifying Mason as an appellant and dismissing the appeal pursuant to 28 U.S.C. § 1915(e) as lacking "an arguable basis in fact or law."). All four of these dismissals are cited by defendants in the instant action in support of their motion to revoke plaintiff's IFP status. (*See* Docket No. 13 [Memorandum in Support of Motion to Dismiss] at 7-8).

[3] The Court's conclusion that plaintiff has accrued at least three strikes is by no means dependent upon Judge Koeltl's determination to that effect in <u>Mason v. Nitti-Richmond, C.O.</u>, *supra*. The Court's conclusion is fully supported by its own review of the docket sheets of the cases cited and attached to the defendants' papers, which show that plaintiff has had at least three actions or appeals dismissed for "strike" reasons. It is well-established that "[i]n the context of motions to revoke IFP status, district courts routinely take judicial notice of docket sheets in order to resolve the question of how many 'strikes' the plaintiff may have for purposes of § 1915(g)." <u>Mason v. Nitti-Richmond, C.O.</u>, 2010 U.S. Dist. LEXIS, at * 2-3 (citing cases).

time he commenced this action. Even more significantly, plaintiff's response to defendants' motion to conditionally dismiss his complaint pursuant to § 1915(g) does not address the defendants' contention that plaintiff did not plead and is not entitled to the "imminent danger" exception. Indeed, plaintiff's response does not contain even a *pro forma* assertion that he qualifies for the "imminent danger" exception. Further relevant to this issue, as defendants argue, plaintiff's claims for relief seek only monetary damages, and do not request injunctive relief, which a plaintiff asserting "imminent danger" would reasonably be expected to request. See Young v. Parks, CIV S-09-0336 GEB GGH P, 2009 U.S. Dist. LEXIS 41515, at *5 (E.D. Cal. May 15, 2009) (Magistrate's Findings and Recommendation), adopted by 2009 U.S. Dist. LEXIS 68308 (E.D. Cal. Aug. 4, 2009)) (plaintiff alleging continuing failure to provide him with proper medical treatment did not qualify for the imminent danger exception where the complaint did not seek injunctive relief: "[i]f plaintiff truly believed he was in imminent danger, he presumably would have sought an injunction."). Nor does review of plaintiff's claims that the defendants were insufficiently responsive to his alleged need for greater access to a cane, the use of a wheelchair and the opportunity for recreation which accomodates his walking disability, indicate that these violations of his rights under the Eighth Amendment and the ADA presented an "imminent danger of serious physical injury." Indeed, certain of the allegations and information included in the complaint indicate that the defendants were hardly unresponsive to plaintiff's medical needs, but that plaintiff disagreed with their decisions with respect to treatment.[4]

---

[4] Thus, plaintiff admits that he was permitted to use a cane at Auburn when he moved to and from SHU (Docket No. 1 at ¶ 5), and the decision of DOCS' Central Office Review Committee ("CORC") attached to the complaint (Docket No. 1 at 19) states that "a cane has been approved for ambulating to and from the SHU."

Accordingly, the Court concludes that plaintiff has not met the requirement of the imminent danger exception to the "three strikes" rule. Plaintiff is therefore barred by the three strike rule of 28 U.S.C. § 1915(g) from proceeding IFP in this action.

## **CONCLUSION**

Defendant's motion to revoke plaintiff's IFP status and conditionally dismiss the complaint pursuant to 28 U.S.C. § 1915(g) is granted. Plaintiff's IFP status is hereby revoked and the complaint is conditionally dismissed without prejudice unless plaintiff pays the entire $350 filing fee within 30 days of this Order. If plaintiff fails to timely pay the filing fee, the action shall be dismissed without further order of the Court.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
July 21, 2010

---

Plaintiff also states that he was sent by Auburn officials to Syracuse Hospital for three days of neurology treatment, and alleges that the consulting neurologist "ordered" that he be provided with a cane and wheelchair (*id.* at ¶ 2), but that defendant Dr. Dolan in effect countermanded that directive. (*Id.* at ¶ 8). However, the CORC decision sustaining the defendant Auburn Superintendent's determination on plaintiff's grievance stated that the Facility Health Service Director at Auburn had the sole responsibility for providing treatment to inmates under their care, and the implementation of the recommendation of outside consultants is left to their discretion. The CORC decision concluded that "a wheelchair and physical therapy are not medically indicated at this time." (Docket No. 1 at 19). It would appear that the crux of plaintiff's claims appears to be his disagreement with facility officials regarding the appropriate treatment for his physical disability, which does not suffice without more to constitute an allegation of an imminent danger of *serious* physical injury. *See, e.g.*, *Menefee v. Pramstaller*, 06-CV-12922, 2006 U.S. Dist. LEXIS 52384, at *3-4 (E.D. Mich. July 31, 2006) ("Plaintiff fails to allege that he is under imminent danger of future harm. Rather, Plaintiff complains that his medical needs are not being met regarding his dental care, allergies, podiatry issues, skin discoloration, lack of access to his eye glasses, etc.").